# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 8:10CR271 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| **CALVIN HATTEN,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's letter, construed as a Motion Under 28 U.S.C. § 2255 (Filing No. 77). The letter references the Supreme Court decision, *Johnson v. United States*, 135 S. Ct. 2551 (2015), and the Defendant appears to seek a reduction in his sentence based on that decision. Also before the Court is a Motion to Withdraw (Filing No. 81) filed by the Federal Public Defender. In the motion, the Federal Public Defender states he has reviewed the Defendant's case and has determined that the Defendant was not sentenced as a career offender; no prior convictions were used to enhance his sentence; and therefore *Johnson* is not applicable in his case.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

After Hatten pled guilty to Count II, the offense of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1), he received a sentence of 120 months, to be followed by five years of supervised release. (Judgment, Filing No. 49).

Hatten did not appeal his conviction or sentence. On July 6, 2012, Hatten filed a Motion to Reduce Sentence (Filing No. 56), seeking relief under the Fair Sentencing Act of 2010. That Motion was denied on July 12, 2012, because Hatten's sentence was imposed pursuant to a Plea Agreement (Filing No. 38), providing for a specified sentence pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (Order at Filing No. 57.)

On December 5, 2014, Hatten filed a Motion to Reduce Sentence (Filing No. 71), seeking relief under Amendment 782 to the United States Sentencing Guidelines. That Motion was denied on January 13, 2016, because Hatten's sentence was imposed pursuant to the Plea Agreement (Filing No. 38), providing for a specified sentence pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and was not based on the United States Sentencing Guidelines. (Order at Filing No. 76.)

In the pending § 2255 Motion, Hatten asserts that, "*Johnson* was dealing with the residual clause of the ACCA or other similar *r*esidual clause provisions that are generally persuasive in interpreting one another," and that "[as] of today my enhanced sentence is no longer applicable under 4B1.1." Because the Plea Agreement provided for a specific sentence, Hatten's sentence was not enhanced. A review of the Defendant's Presentence Investigation Report ("PSR") ("Filing No. 47) confirms that there were no enchantments to his sentence and that the Defendant received a 3-level reduction for acceptance of responsibility.

Hatten was charged in a seven-count Indictment (Filing No. 1), and entered into a Plea Agreement (Filing No. 38) in which he agreed to plead guilty to a single count and receive a stipulated sentence of 120 months, in exchange for the dismissal of the remaining six counts. Also in the Plea Agreement, Hatten waived the right to contest his

2

sentence under 28 U.S.C. § 2255, except under two limited circumstances, neither of which is applicable to his pending § 2255 Motion. (Filing No. 38, p. 6.)

THEREFORE, IT IS ORDERED:

1. That the Court has completed initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 77);

2. The Court summarily dismisses the Defendant's § 2255 Motion;

3. A separate Judgment will be issued denying the § 2255 Motion;

4. The Motion to Withdraw (Filing No. 81) filed by the Federal Public Defender is granted; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 15th day of June, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge